SALLIE A. WARD, PLAINTIFF IN ERROR, v. MICHAEL WATSON, DEFENDANT IN ERROR.

1.  **Chattel Mortgage.** The statute requires a chattel mortgage, or "a true copy thereof," to be filed in the office of the county clerk, who "shall endorse on such instrument, or copy, the time of receiving the same, and shall keep the same in his office for the inspection of all persons." *Held*, That the party claiming under a mortgage so filed could not withdraw the instrument from the office and proceed under the statute to foreclose.

2.  ————: TERMS OF PAYMENT. The notes accompanying a mortgage are evidence of the debt and the times of payment, and where certain notes stating definitely the amounts and

times of payment were duly signed by the maker, and a chattel mortgage on certain property to secure the same party in blank, but to be filled up in the ordinary form, was also signed, *Held*, That a provision in the mortgage inserted without the mortgagor's knowledge or consent, changing the times of payment from that stated in the notes, was not binding on him.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Harwood, Ames & Kelly* and *Edson Rich,* for plaintiff in error, cited: *Dinsmore v. Stimbert,* 12 Neb., 438. 1 Daniels Neg. Instr., 807. *Knoxville Bank v. Clark,* 51 Iowa, 264.

*F. W. Collins* and *Houston & Baird,* for defendant in error, cited: Herman Chattel Mortgages, Secs. 176, 182. *Baily v. Smith,* 14 Ohio State, 396. *Hitt v. Webb,* 36 N. H., 150.

MAXWELL, J.

In the autumn of 1886, the plaintiff was the owner of a restaurant in the city of Lincoln, and in October of that year sold the same to one Jacob McLaughlin. On the 7th of November, following, McLaughlin sold the restaurant to the defendant for the sum of $1,200, one-half of which was paid at the time of the sale. The defendant was given immediate possession. On the 9th of that month the defendant and McLaughlin went to the office of an attorney and had him prepare two notes of $300 each, one of which was to be due March 1, 1887, and the other April 1, 1887. These notes were to be secured by a chattel mortgage on the property purchased. The defendant was requested to produce the schedule of property received by him from McLaughlin for insertion as a description of the property to be mortgaged, and going to his place of business for that purpose, found there a party

38

with whom he had some business which required immediate attention. He thereupon returned to the attorney's office with the schedule, and stated that his presence was required at his place of business, and he must return immediately. He thereupon signed the notes, and the mortgage but partly completed, and left the office with the understanding on the part of all of the parties that the mortgage was to be filled out in the ordinary form. There appears to have been some conversation on the part of the defendant as to his ability to pay the debt, and he seems to have stated that he expected some money from Kansas out of which he could pay the debt in case he was unable to do so from the restaurant, and that he would like the privilege of paying $100 per month. There is no pretense, however, that there was any agreement on his part to pay in that manner. The mortgage, as filled out, however, contained a provision that the debt should be paid in monthly installments of $100. There is some dispute in the testimony as to whether or not this provision was in the mortgage when it was signed, nor is it material, as there is no claim that the defendant was informed of such change of the times of payment. In December, 1886, McLaughlin sold and transferred the notes and mortgage to the plaintiff in part payment of the original purchase price of the restaurant. About January 1, 1887, the plaintiff demanded of the defendant $100, alleged to be due on the first installment, and failing to receive the same, demanded possession of the mortgaged property, which being unable to obtain without legal process, she brought an action of replevin. On the trial of the cause the above facts appeared, and the jury returned a verdict for the defendant in the sum of $749.60. A motion for a new trial was thereupon made by the plaintiff and overruled, and judgment entered on the verdict.

A large number of errors are assigned in this court, which from the conclusion we have reached need not be noticed at length.

The testimony shows that after the execution of the mortgage it was filed in the office of the county clerk of Lancaster county. In January, 1887, when the plaintiff sought to foreclose this mortgage, it was taken off the files and out of the clerk's office by the plaintiff's representative, and delivered to the sheriff, and it is claimed that it was lost in the sheriff's office. No copy was preserved, nor was the proof of the contents of said instrument either full or satisfactory.

Sec 2, Chap. 12 of the Compiled Statutes provides that, to entitle any person to foreclose a chattel mortgage it shall be requisite, 1st. That some default in the condition shall have occurred by which the power to sell becomes operative. 2d. That no proceedings have been had at law, etc. 3d. "That such mortgage, containing the power of sale has been duly recorded." A later statute makes filing equivalent to recording (Chap. 32, Sec. 14). The latter statute permits the filing of the original " or a true copy thereof." * * * " and such clerk shall endorse on such instrument or copy the time of receiving the same, and shall keep the same in his office for the inspection of all persons," etc.

In *Loeb v. Hirsch*, 21 Neb., 392, it was held that, to authorize a sale under the statute, the mortgage must be duly filed in the county where the sale is to take place. We adhere to that decision as a correct construction of the statute. The filing takes the place of recording, and the instrument is no more to be removed from the clerk's office during the existence of the lien than the records of said office. Every person who has or may acquire an interest in the property has a right to have the instrument remain on file and open to inspection ; and this applies with much greater force where the mortgage contains peculiar or unusual provisions. Both the mortgagor and mortgagee have rights in a mortgage, and the instrument itself is the primary evidence of what it contains, and

secondary evidence is admissible only where the loss of the original is proved.    But in no case can a party withdraw a chattel mortgage from the county records, and while so withheld proceed under the statute to foreclose the same.

It is unnecessary to review the instructions at length. The plaintiff took possession of the defendant's property before either of the notes were due, and thereby broke up his business.    This she had no more right to do at that time than she would have had to seize the goods of a stranger.    The damages to the defendant were very great —evidently more than the jury have returned.    The verdict is therefore fully sustained by the evidence, and is not excessive.    The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.