SALLIE A. WARD, APPELLEE, v. MICHAEL WATSON ET AL., APPELLANT.

[FILED OCTOBER 30, 1889.]

1. Attorney: LIEN: SET-OFF: PLEADING. A & B, practicing attorneys, recovered a judgment for C against D, under an agreement with their client that they were to have one-half the amount of recovery, and they filed an attorney's lien for that

amount. D recovered a judgment against the client of A & B, and brought an action to set off one judgment against the other; and without making an issue in the pleadings upon the amount claimed to be due A & B sought to reduce it. *Held,* That in the absence of an issue in the pleadings upon that point, the attorneys had a lien for the amount agreed upon.

APPEAL from the district court for Lancaster county. Tried below before BROADY, J.

*Houston & Baird,* for appellants:

In the pleadings but one question could be raised as to attorney fees, viz.: in regard to the existence of a contract for the same. Such contract being alleged, it was error to allow evidence as to *quantum meruit.* The Code requires new matter constituting a defense to be set up so that the opposing party may meet it. (*A. & N. R. Co. v. Washburn,* 5 Neb., 117; *Jones v. Seward Co.,* 10 Id., 154; *McKyring v. Bull,* 16 N. Y., 297; *Clark v. Spencer,* 14 Kas., 398.)

*Harwood, Ames & Kelly,* and *Edson Rich,* for appellee:

The question as to the reasonableness of an attorney fee is not such new matter as must be pleaded in order to be raised. (*Sayre v. Thompson,* 18 Neb., 43.) An attorney is not to be allowed a lien in any amount he may allege a contract for, and thus supersede equities which an unsuccessful litigant might have as against the successful party. While an attorney's lien is paramount, its reasonableness may be questioned.

MAXWELL, J.

This case seems to be an offshoot of *Ward v. Watson,* 24 Neb., 592. Watson recovered judgment against Ward for the sum of $749.60. Upon the recovery of this judgment Houston & Baird filed an attorney's lien thereon for $374.89, that being the amount agreed upon between Wat-

49

son and his attorneys.   In June, 1888, Ward recovered a judgment against Watson for the sum of $693 and costs, and this action was brought to set off one judgment against the other.   On the trial of the cause the court allowed the attorneys in question $150 and no more, and set off the balance of the judgment against that of Ward.   The only question presented is, Did the court err in thus reducing the amount of the plaintiff's claim?   No issue was made in the pleadings as to the amount to which the attorneys were rightfully entitled, and in the absence of an issue upon that matter it will be presumed that the amount agreed upon was correct.   In any event, that was the contract of the parties, and a lien was obtained for that amount.   The question of the reasonableness of the fee is not before the court; but even if it was, we are not prepared to say that under the circumstances of the case the fee charged was unreasonable.   The judgment of the district court will be modified so as to allow the appellants the amount of their fees as agreed upon, and for which they have a lien, and, as thus modified, the judgment will be affirmed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.