UTICA,
August, 1823.

COOPER
v.
BIGALOW.

COOPER *against* BIGALOW and SEARLS.

BIGALOW *against* COOPER and HENRY.

A judgment for costs only will be set off against another judgment, on motion, notwithstanding the attorney's lien; although the judgment be assigned to him by his client as security for his costs, of which notice is given to the opposite party, with direction not to arrange the costs with the client; especially where the attorney has notice of the matter of set off, and that it will be claimed.

H. R. STORRS, moved the set off in this cause, which was considered at the last term, (*ante*, 56, S. C. *which see.*)

*Bigalow* and *Searls* had since been discharged from prison under the insolvent act.

The judgment in favour of *Bigalow* was for costs only, and on the 24*th June* last (the day of serving notice of this motion) he assigned the same to his attorney, to secure to him the costs, which are yet due. Notice of this assignment, under the hand of the attorney, and that they should not settle with *Bigalow*, or make any payment to him of the costs, was the same day served on *Cooper* and *Henry*.

*H. B. Davis*, contra, insisted on the assignment and notice, as a circumstance taking this out of the case of *Simpson* v. *Hart*, (14 *John*. 63) upon the authority of which this matter was moved at the last term. The attorney stands in the character of an assignee for a valuable consideration, and has given notice to the opposite party not to interfere. This Court have decided, at the present term, that the attorney's *lien*, and *actual notice* of it, shall prevail against the equity of the opposite party. (*a*)

*Storrs*, in reply, said the attorney was not an assignee upon any new consideration; and, therefore, stands in no better light than before. He has himself acted with full notice of our equity, and the Court will say to him, " you remain precisely as you did before, claiming in virtue of your lien as attorney." He looked to the credit of his insolvent client, by which he must abide; and not take his money from the pocket of the adverse party. This is *not equitable*, while the opposite course *is so.* (*Porter* v. *Lane*, 8 *John*. 357. *Ross* v. *Dole*, 13 *id*. 306.)

(*a*) I suppose the counsel alluded to *Power* v. *Kent et al. ante*, 172.

*Curia.* We had no doubt, at the last term, about allowing this set off, had it not been for the then subsisting imprisonment of *Bigalow & Searls* upon the *ca. sa.*(a) By their discharge under the insolvent act, that obstacle is removed. Their discharge left two mutual unsatisfied judgments, which were the proper subject of an equitable set off, upon application to this Court, unless the subsequent assignment and notice give preference to the lien of the attorney. The right of set off had attached; and the attorney had full notice that it was claimed, at the time he took the assignment from *Bigalow.* These circumstances do not, in our opinion, alter the question, and the motion must be granted.

Rule accordingly.

(a) Mr. *Foot,* who opposed the set off in that case, mentioned the *lien* of the attorney, as one ground of opposition to the motion, which I forbore to notice in the report of the case, because the matter turned on the imprisonment.