# SUPREME COURT.

## SAMUEL FERGUSON agt. PETER N. BASSETT.

It seems to be settled doctrine in this state, both at law and in equity, (as affirmed by the Court of Errors in the case of *Nicoll et al.* v. *Nicoll,* (16 Wend. 446, overruling the chancellor's decision in the same case,) that the attorney's lien for costs must yield to the equitable right of set off, and that the latter claim in equity overrides the former.

*Quære?* Whether, if the question could be considered an open one, satisfactory reasons might not be assigned against such a rule; as the King's Bench in England have long since done, and as all the courts of Westminster Hall have recently asserted by their judges assembled at Hilary Term, in 1832, and by adopting a rule to allow the attorney's lien in such cases, which is binding upon all the common law courts in England. (1 Dowl. Pr. Cases, 196; 3 id. 638.)

If the right of set-off exists at the time of the assignment, the assignee takes, subject to all equitable as well as legal claims which might be urged against the assignor at the time of the assignment. (1 Cow. 56 and 206; 4 Hill, 561.) And this right exists as against the attorney's lien for costs, although the attorney may be the assignee. (3 Paige, 365.)

The right of set-off does not exist against a *verdict* merely. It is only in cases of *judgments* obtained. (10 Wend. 615; 6 Cow. 598; 4 Hill, 559.) A verdict is only *prima facie* evidence of the existence of a debt. If the right to set-off does not exist against a verdict at the time of its assignment, it cannot arise afterwards when the judgment is entered. (4 Hill, 559; 2 Ed. Ch. R. 73.)

*Motion made and decided at Delaware Circuit, Nov. 18th, 1849.*—This is a motion made to set off one judgment against another, and the motion is founded on affidavits from which the following facts appear: On the 22d day of March, 1849, the plaintiff recovered a verdict against the defendant for $55, at the Delaware circuit held by me, and prior to which time, to wit, on the 1st day of October, 1847, one Allen H. Davis recovered a judgment in the Supreme Court, against the said Samuel Ferguson for $67.78, and which was recovered for the costs of defending a suit in that court, brought by Ferguson against him. On the 22d day of March, 1849, and immediately after the rendition of the verdict in this cause, the said Peter M. Bassett, for a valuable consideration, purchased and procured an assignment of the judgment in the suit of *Allen H. Davis* ads. *Ferguson* to him, the said Bassett, and immediately thereupon, and within a very few minutes after the rendition of said verdict, caused a written notice to be served upon Ferguson, stating that the judgment in the suit of *Davis* ads. *Ferguson*, had been assigned to him, Bassett, and that he should claim to set off the same against the verdict and judgment in this suit—and also served a similar notice upon Mr. Palmer, one of the attorneys for Ferguson, in the suit of *Ferguson* v. *Bassett.* And it appears, from the affidavits before me, that these notices were served just as Ferguson had set down to the table in the Court house to execute an assignment of the said verdict of $55, to Messrs. Parker & Palmer, his attorneys, in said suit; and it also appears that the verdict was assigned to the Messrs. Parker & Palmer on the same day, and just after the service of the aforesaid notices, for a valuable consideration. It also appears that the said Ferguson was owing the Messrs. Parker & Palmer at the time, about $100, and that when the suit was commenced against the said Bassett on the 8th of January, 1849, it was agreed by and between the said Ferguson and his attorneys, that whatever verdict might be recovered in the suit, his attorneys should have it to discharge this prior indebtedness of $100, and that said verdict was assigned to them accordingly; and on the first day

of August, 1849, the said Parker & Palmer entered up a judgment upon the said verdict: Damages, $55.00; costs of suit, $62.60, making $117.60.

J. A. HUGHSTON, *for Bassett*.

A. PARKER, *for Ferguson*.

MASON, Justice.—In allowing a set-off of judgments, courts of law have proceeded upon the equity of the statute authorizing set-offs, and their power consists in the authority they hold over suitors in their courts. The doctrine of the common law courts was that suitors might ask the interference of courts of law in effecting a set-off not "*ex debito justitie*" but *ex gratia curie*. (*Simson* v. *Hart*, 14 J. R. 63.) And as these motions in the common law courts were addressed very much to the discretion of the courts, a refusal of the common law courts to direct a set-off was not considered as *res adjudicata*, so as to prevent a bill in chancery to compel the set-off. (14 J. R. 63.) Very different, however, has been the rule on a bill in chancery filed to obtain a set-off. In such case there is no discretion. (*Nicoll* v. *Nicoll*, 16 W. R. 448.)

The practice of allowing the attorney's lien for costs to prevail against the right of set-off, was not fully recognized in the common law courts in England. The King's Bench allowed the lien, and the Common Pleas refused it. The common law courts in this state, however, have been uniform in their decisions, in disallowing the attorney's lien for costs, holding that the lien did not stand in the way of the right of the opposite party to have his set-off allowed. Such, at any rate, has been the uniform rule in the common law courts in this state, since the decision of the case of *Porter* v. *Love*, (8 J. R. 457.) The uniform doctrine of the cases has been, that the attorney's lien for costs is no bar to the right of set-off. (8 J. R. 357; *Ross* v. *Dole*, 13 J. 307; *Cooper* v. *Bigelow*, 1 Cow. 206; *The People* v. *N. Y. Com. Pleas*, 13 W. R. 649.)

The doctrine of the Court of Chancery in this state was precisely the same up to the year 1829. Chancellor Kent, in the case of the *Mohawk Bank* v. *Burrows*, (6 J. Ch. R. 317,) followed the doctrine of the common law courts, and held that the attorney's or solicitor's lien for costs did not affect the equitable right of set-off between the parties. In the case of *Dunker* v. *Vandenburgh*, (1 Paige R. 622,) Chancellor Walworth seems to have questioned, if not relaxed the rule somewhat; and in the case of *Gridley et al.* v. *Garrison et al.*, (4 Paige R. 647,) the learned chancellor affirms the unqualified doctrine that the attorney's lien for costs is paramount to any claim of the adverse party to set off a judgment re-

covered against the client in another suit. And the chancellor steadily adhered to this doctrine, in his court, up to 1836, when he was overruled by the Court for the Correction of Errors, on appeal taken to that court from his decision in the case of *Nicoll et al.* v. *Nicoll*, (16 W. R. 446.) In this latter case the complainant held a judgment of upwards of $16,000 against the defendant, and the defendant had recovered a judgment for costs in an ejectment suit for $166.89, against the complainants, and the complainants filed their bill to compel a set-off of so much of their judgment as would satisfy the judgment against them. The chancellor held the attorney's lien to be paramount, and disallowed the set-off, and the court of *dernier resort*, on appeal, overruled the chancellor and allowed the set-off—affirming the broad doctrine that the attorney's lien for costs must yield to the equitable right of set-off, and that the latter claim in equity overrides the former.

This, therefore, seems to be the settled doctrine both at law and in equity in this state. I do not hesitate to say, was this an open question with us, that I could assign satisfactory reasons against such a rule, as the King's Bench in England has long since done, and as all of the courts of Westminster Hall have recently asserted. The judges of the common law courts in England, assembled in Hilary Term in 1832, and unanimously agreed and adopted the rule to allow the attorney's lien in such cases, and adopted a rule to that effect, binding upon all the common law courts in England. (1 Dowl. Pr. Cases, 196 ; 3 id. 638.)

I do not consider, however, in view of the repeated adjudications of the courts of this state, that we are at liberty to discuss the sufficiency or insufficiency of the reasons of this doctrine.

The only remaining question to be considered, therefore, is, whether the assignment of this verdict by the plaintiff Ferguson, before the entry of the judgment thereon, to the Messrs. Parker and Palmer, his attorneys in that suit, gives to them any higher or greater equities as assignees than they had before ; or whether in short, such assignment has the effect to deprive this defendant, Bassett, of his right of set-off. The general rule is well settled, that the assignee in such a case stands precisely in the situation as regards the right of set-off as his assignor stood at the time of the assignment. It has been repeatedly adjudged that where the equitable right to set off a judgment existed at the time of the assignment as against the attorney's lien for costs, that the same continued as against the assignee, and that too, although the attorney was the assignee. (3 Paige R. 365.) It can make no difference, therefore, with this case that the verdict was assigned to the Messrs. Parker and Palmer, if the right of

set-off existed at the time of the assignment, for it is well settled that the assignee takes subject to all equitable as well as legal claims which might be urged against the assignor at the time of the assignment. (*Cooper* v. *Bigelow*, 1 Cow. R. 56 and 206; 4 Hill's R. 561.) It becomes important, then, to inquire whether there was a right of set-off existing in this case as against the assignor at the time of the assignment of this verdict. I am inclined to think that in the case under consideration that no right of set-off existed at the time of the assignment, for the reason that the plaintiff's claim against the defendant consisted in a verdict merely. In the case of *Garrick* v. *Jones* (2 Dowl Pr. Cases, 157,) the party moving had obtained a verdict which he moved to set off against a judgment in favor of his adversary, and the motion was denied on the sole ground that final judgment had not been obtained. This case was cited by Judge Cowen in the case of *Graves* v. *Woodbury*, (4 Hill R. 562,) with approbation, and the principle of the case affirmed by the court, and I do not hesitate to say, after a careful examination of the latter case that in my opinion it determines the right of set-off in this case against the defendant and in favor of the plaintiff.

The right of set-off only exists in the cases of judgments obtained. (10 W. R. 615; 6 Cow. R. 598; 4 Hill R. 559.) It was held in the case of *The people ex rel. Fry* v. *The Delaware Common Pleas*, (6 Cow. 598) that a judgment obtained by attachment in a Justice's Court without the defendant appearing there, cannot be set off on a motion, against a judgment in a court of record, for the reason that a judgment rendered upon attachment in such a case without being contested is only *prima facie* evidence of a debt, and is impeachable in an action upon it; the court saying they may as well set off a bond or note, on motion, as such a judgment.

The same may be said of the verdict of the jury in the case under consideration—it was only *prima facie* evidence of the debt like the judgment in the 6 Cow. R. *supra*. It was still open to the review of the whole trial by the court on the application of either party, and might never pass into a judgment—and if the right of set-off did not exist at the time of the assignment it could not arise afterwards when the judgment was entered. (4 Hill R. 559; 2 Ed. Ch. R. 73.) I am of opinion that the assignment of the verdict carried with it the costs also; but as the papers before me may not show the whole of the case, I will deny the plaintiff's motion to set off this judgment without prejudice to his rights to commence an action to compel this set-off, if he has any legal claim to make the set-off in this case. I must regard this as a motion addressed to

the discretion of the court *ex gratia curie*, and not a right which the party can claim *ex debito justitie* as he could have claimed, had he instituted a plenary suit by summons and complaint to compel this set-off, and I think where there is as much doubt as there is in this case, that the safer way is to deny the summary application by motion and turn the party over to his plenary suit if he desires further to contest it. Motion denied without costs.