NAT. BANK OF WINTERSET *v.* EYRE and others.

*(Circuit Court, D. Iowa.* July 16, 1881.)

1. SET-OFFS—ATTORNEYS' LIENS—JUDGMENTS.

An attorney's lien upon a judgment is subject to any existing right of set-off in the other party to the suit.

In Equity.

On the thirtieth of April, 1880, complainant recovered a judgment in the circuit court of Madison county, Iowa, against respondent Robert Eyre, for the sum of $2,877. On the twenty-first of October, 1880, the said respondent Robert Eyre recovered judgment in this court against complainant for the sum of $287.12. On the first of November, Wainwright & Miller, attorneys for Robert Eyre, filed their notice under the statute, claiming an attorney's lien upon the last-named judgment for the full amount thereof. Execution having been issued upon the last-named judgment, complainant files this bill alleging the foregoing facts, and prays that proceedings under the same be enjoined, and that the right of set-off be decreed. Respondents demur to the bill.

*McCaughan, Dabney & McCaughan,* for complainant.

*Parsons & Runnells* and *Wainwright & Miller,* for respondents.

McCRARY, C. J. The right of set-off exists under the statute unless it is defeated by the attorneys' lien, claimed by Wainwright & Miller. Code of Iowa, 1873, § 3097. The statute is declaratory of the common law and of the general principle of equity, according to which mutual judgments will generally be set off the one against the other. 2 Story, Eq. Jur. § 1437. Before the respondent Eyre obtained his judgment against the bank he was indebted to the bank on a judgment of over $2,800. The bank pleaded this judgment as a set-off against his claim in the suit of Eyre against the bank in this court, but a demurrer to that part of the answer was sustained, upon the ground that mutual judgments are to be set off the one against the other after their rendition. Can the right of set-off be defeated by the filing of an attorney's lien? I think not. If Eyre had assigned his entire claim before judgment to Wainwright & Miller, and they had sued on it, I think it clear that the assignment would have been subject to the set-off previously held by the bank. The claim was not negotiable, and the assignees would have taken it subject to any defence existing in the hands of the bank. Surely no greater right can be acquired by the filing of an attorneys' lien than would have resulted from such an assignment. I think the weight

of authority, as well as the better reason, supports the rule that the lien of the attorney is upon the *interest* of his client in the judgment, and is subject to an existing right of set-off in the other party. *Gager* v. *Watson*, 11 Conn. 168; *Ex parte Lehman*, 59 Ala. 631; *Wright* v. *Treadwell*, 14 Texas, 255; *Currier* v. *Railroad Co.* 37 N. H. 223; *Mohawk Bank* v. *Burrows*, 6 Johns. Ch. 317; *Porter* v. *Lane*, 8 Johns. 277; *Nicoll* v. *Nicoll*, 16 Wend. 445; *Hurst* v. *Sheets*, 21 Iowa, 501.

The demurrer to bill is overruled, and unless respondents wish to answer there will be decree in accordance with the prayer of the bill.