POPPLEWELL *v.* HILL.

Decided March 26, 1892.

*Attorney's lien—Set-off—Attachment.*

> Where, upon the dissolution of an attachment, defendant is awarded dam-
> ages less than the amount he is adjudged to owe plaintiff, the smaller
> claim should be set off against the larger, and judgment rendered in
> favor of plaintiff for the balance; in such case defendant's attorney is not
> entitled to enforce a lien for his services upon the sum awarded his client
> as damages.

APPEAL from *Izard* Circuit Court.

RICHARD H. POWELL, Judge.

Hill, Fontaine & Co. sued G. W. Popplewell upon an ac-
count and procured an attachment to be levied upon his
property. The attachment was dissolved, and defendant's
·damages for its wrongful suing out assessed at $200. It
was adjudged that defendant owed plaintiffs $628.89, that the
damages awarded defendant be credited on this sum, and
that plaintiffs recover of defendant $428.89, the balance of
their debt.

Whereupon, the record states, " the attorney for defendant
excepted to this judgment, and asked that a judgment for
two hundred dollars be rendered against plaintiffs for dam-
ages and not allowed as a credit on the judgment for de-
fendant, and claimed a lien on said judgment for his fees for
$200 for services rendered as attorney in the cause. The
same being overruled by the court, the attorney asked to
save his exceptions, (and) to have the same entered of
record, which is accordingly done."

Defendant and his attorney have each prayed an appeal.

*Yancey & Fulkerson* and *Morris M. Cohn* for appellants.

I. By reason of the attorney's services $200 were recov-
·ered upon the discharge of the attachment, which by the
terms of the contract were to belong to Yancey. This op-
erated as an equitable assignment of the sum to Yancey.
30 Ark., 56; 33 *id.*, 235; Jones on Liens, secs. 223–4; 2

Story, 630, 644; 19 Wall., 544; Jones on Mortgages, 173; 94 U. S., 382, 386. The statute gives a lien for the contract amount. Mansf. Dig., sec. 3935, *et seq.*

2. The attorney's lien and claim attached to the judgment as soon as entered. 33 Ark., 235; 1 Jones on Liens, sec. 223. And this is effectual as against a set-off on the part of the judgment debtor. *Ib.*, secs. 222, 223; sec. 3938, Mansf. Dig.; 36 Ark., 591, 604–5; 37 *id.*, 614; 44 N. W. Rep., 27; 29 *id.*, 86; Mechem's Agency, sec. 873; 42 Ark., 402.

*Robert Neill*, for appellees.

1. The effect of Mansf. Dig., secs. 346, 354 and 355, and 34 Ark., 707, is to place the claim of a defendant for damages on a parity with and assimilate it to the counter-claim of the code, as defined in sec. 5034, Mansf. Dig. 34 Ark., 707, settles the law of this case.

2. The lien of an attorney is only upon the interest of his client in the judgment, and is subject to the right of set-off in the other party. 1 Am. & Eng. Enc. Law, p. 972, note 4. The equities of the parties are superior to those of attorneys. 13 Wend., 650. The lien does not extend further than to the clear balance. 15 Ves., 75; *Randall* v. *Fulton*, 6 Durn. & E.; sec. 21 Am. Law Rep., 75; 58 Vt., 359.

HEMINGWAY, J. Whether an attorney's lien upon a judgment, under section 3935 of the digest, is subject to the judgment debtor's right of set-off under section 5173 of the digest, is a question not settled by any decision of this court to which our attention has been directed. The question, depending upon similar provisions elsewhere, has been frequently presented to other courts and has not received a uniform answer. 21 Am. L. Rev., 75; 1 Am. & Eng. Enc. Law, 972.

But, as we view this case, that question is not presented. The attorney's lien attaches only to the fruits of litigation and cannot operate upon defensive matters that are consumed in the superior demands of the other party. The

Court of Appeals of Kentucky, which takes the view favorable to the attorney upon the question first stated, points out the difference between this case and cases involving that question.  It says, "We do not doubt that in an action which is subject to be defeated by a plea of set-off, and which is so barred, the attorney's claim for services must, like the plaintiff's demand, yield to the set-off as it would to any other available defense to the action." *Robertson* v. *Shutt*, 9 Bush, 659.  We think the distinction taken a manifestly proper one.  If so, it is decisive of this case.  For in *Holliday* v. *Cohen*, 34 Ark., 707–19, this court held that in attachment suits one trial should settle all questions as to the debt of the plaintiff and the damages of the defendant; that the smaller claim should be offset against the larger and a judgment rendered on one side or the other for the balance. So that in cases like this the smaller claim for damage is barred by the larger claim for the debt, and under the rule of the Kentucky court the attorney's claim for services must, like the debtor's demand for damages, yield to the consuming property of the larger claim.  The court was right in crediting the damages assessed against the plaintiffs upon the sum found to be due them, and in refusing to enter a judgment for the defendant for the amount of the damages.

This may seem a hardship to the defendant; but suppose that separate judgments had been rendered in favor of plaintiffs for their demand and of defendant for his damages; that the defendant was seeking to offset one against the other, but the plaintiff's attorneys resisted and demanded that defendant should pay to him for his fees the full amount recovered against him and collect the judgment in his favor when he could.  If such were the case, the defendant could appreciate the reason and justice of the rule.

Affirm.