MARSHALL FIELD ET AL. V. R. H. MAXWELL ET AL.

FILED APRIL 30, 1895. No. 6210.

1. **Attachment**: ACTION ON BOND: SET-OFF. In an action upon an attachment undertaking, a claim due the principal in such bond from the plaintiff is a proper subject of set-off.

2. **Attorneys' Liens**: SET-OFF. An attorney's lien for services performed in prosecuting an action is not measured by the amount which his client claims to be his due, but cannot exceed the amount in the hands of the adverse party belonging to his client or the amount owing to him, and is not paramount to any proper set-off or other available defense in such action.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.

See opinion for statement of the case.

*Montgomery, Charlton & Hall,* for plaintiffs in error:

In an action upon an undertaking for an attachment, a claim due from the obligee in favor of the principal may be made the subject of set-off. (*Raymond v. Green,* 12 Neb., 215.)

The decree below was erroneous in the disposition of the claim for an attorney's lien. (*Tiffany v. Stewart,* 60 Ia., 207; *Watson v. Smith,* 63 Ia., 228; *Griggs v. White,* 5 Neb., 467; *Ward v. Watson,* 27 Neb., 769; *Rice v. Day,* 33 Neb., 205; *People v. New York C. P.,* 13 Wend. [N. Y.], 649; *Nicoll v. Nicoll,* 16 Wend. [N. Y.], 446; *Noxon v. Gregory,* 5 How. Pr. [N. Y.], 339; *Hill v. Brinkley,* 10 Ind., 102; *Mosely v. Norman,* 74 Ala., 422; *Simmons v. Almy,* 103 Mass., 33.)

*R. D. Stearns* and *Wooley & Gibson, contra:*

The attorneys were entitled to a lien. (*Reynolds v. Reynolds,* 10 Neb., 579; *Oliver v. Sheeley,* 11 Neb., 521; *Sayre*

*v. Thompson*, 18 Neb., 33; *Boyer v. Clark*, 3 Neb., 161; *Abbott v. Abbott*, 18 Neb., 503; *Elliott v. Atkins*, 26 Neb., 403.)

The right of set-off cannot defeat an attorney's lien. (*Stratton v. Hussey*, 62 Me., 288; *Currier v. Boston & M. R. Co.*, 37 N. H., 223; *Johnson v. Ballard*, 44 Ind., 270; *Ward v. Watson*, 27 Neb., 768.)

Where the action is founded upon a negotiable instrument or a contract in writing which is in the attorney's possession, the lien attaches to the contract before judgment, and his client can make no settlement or assignment of the action without discharging the attorney's fees. (*Reynolds v. Reynolds*, 10 Neb., 574; *Coughlin v. New York C. & H. R. R. Co.*, 71 N. Y., 443; *Kusterer v. City of Beaver Dam*, 56 Wis., 471 ; *Dennett v. Cutts*, 11 N. H., 163; *Schwartz v. Jenney*, 21 Hun [N. Y.], 33.)

HARRISON, J.

July 20, 1891, plaintiffs in error commenced an action in the district court of Lancaster county against the defendants in error, upon a guaranty, to recover the sum of $1,513.45 and interest, and also in connection with the action instituted attachment proceedings, in which an order issued and a levy was made. The attachment was dissolved of date September 21, 1891, and on October 1, 1891, the defendants in error commenced an action against plaintiffs in error in justice court of Lancaster county, upon the bond which had been given in the attachment proceedings, and claimed damages in the sum of $200. On October 6, 1891, the plaintiffs in error filed an answer in this suit in justice court, consisting of a general denial and an affirmative defense, alleging the liability of defendants in error upon the guaranty, and asking that any amount found due the defendants in error upon the bond as damages should be credited on their claim by reason of such contract of guaranty, and on the same day attorneys for defendants in

error filed in the justice court notice of attorney's lien in the sum of $100. A trial of the cause in justice court resulted in a judgment in favor of defendants in error, and an appeal was perfected by plaintiffs in error to the district court, and after petition and answer were filed, a motion was made on behalf of plaintiffs in error for the consolidation of the appeal case with their action against defendants in error upon the guaranty, then still pending in the district court. This motion was sustained and the causes were consolidated. A jury was waived and a trial of the action had to the court and the following judgment rendered:

" This cause, having been heretofore on a former day of this term of court, to-wit, February 8, 1893, tried and submitted to the court, now comes on for final determination, and after due consideration, and being fully advised in the premises, the court finds that there is due the plaintiffs Marshall Field & Co. upon the cause of action set forth in their petition from the defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross the sum of $1,513.45 principal and $317.80 interest thereon, making a total sum of $1,831.25.

" The court further finds that there is due the defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross the sum of $100 by reason of the wrongful attachment proceedings set forth in their answer and counter-claim and for attorneys' fees in procuring a dismissal of said attachment, and the court further finds that the said plaintiffs Marshall Field & Co. and the defendant H. R. Nissley are liable to said defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross for said sum upon their undertaking for said attachment.

"It is therefore considered and adjudged by the court that the said plaintiffs Marshall Field & Co. do have and recover of and from the said defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross the sum of one thousand

eight hundred thirty-one and $\frac{25}{100}$ ($1,831.25) dollars, as above found due them, with interest thereon at the rate of seven per cent per annum from this date until paid, together with the costs of this action, taxed at $38.95.

"And it is further considered and adjudged by the court that the said defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross do have and recover of and from the said plaintiffs Marshall Field & Co. and H. R. Nissley the sum of one hundred and $\frac{00}{100}$ ($100.00) dollars damages sustained by them as above set forth, with interest thereon at the rate of seven per cent per annum from this date until paid, together with the costs of this proceeding, taxed at $41.30.

"The court further finds that Messrs. Wooley & Gibson and R. D. Stearns have an attorney's lien upon said judgment of R. H. Maxwell, Frank Sharpe, and Thomas Ross, and against the said Marshall Field & Co. and H. R. Nissley in the sum of $100, and it is considered and decreed by the court that said attorney's lien is prior and paramount to the claim and set-off of the said plaintiffs herein, or the said defendants R. H. Maxwell, Frank Sharpe, and Thomas Ross."

The second and third assignments of error refer to the right of plaintiffs in error to have the amount due them set off as against any sum ascertained to be due defendants in error as damages upon the attachment bond. In the case of *Raymond v. Green*, 12 Neb., 215, it was held by this court that in an action upon an undertaking in attachment, a claim due from the plaintiff in such action to the principals in the bond was a proper subject of set-off, and this seems decisive of the question raised in regard to the set-off in the case at bar, and in accordance with the rule then announced the claim of plaintiffs in error was a competent set-off.

The only further point raised by the assignments of the petition in error, which is argued, is in relation to the action

of the court by which it declared and established the lien of the attorneys for the defendants in error paramount and superior to the set-off of plaintiffs in error. The lien of an attorney for compensation is provided for in section 8, chapter 7, Compiled Statutes, 1893, as follows: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." This court considered the right to a lien conferred upon attorneys by the section of our statutes just quoted, in the case of *Boyer v. Clark*, 3 Neb., 161, cited by counsel for defendants in error in support of their position in this case. The case referred to was an action to set off a judgment in favor of Boyer against one in favor of Clark. McCandless, who, as attorney for Clark, had obtained the judgment in his favor involved in the action, claimed a lien on the judgment for the compensation for his services in securing it, and also its assignment to him. In relation to the lien of an attorney it was then stated as a general rule of law that "the lien of an attorney upon a judgment obtained by him, to the extent of his reasonable fees and disbursements, is paramount to any rights of the parties in the suit, or to any set-off;" and, in support of the rule announced, the learned judge who wrote the opinion cited the case of *Shapley v. Bellows*, 4 N. H., 353, in which the parties had executions upon judgments in the hands of the sheriff, the rights relative to the executions being such that under a statute of the state of New Hampshire either party was entitled to have one execution set off against the other by the officer. An attorney had a lien upon one of the judgments, the basis for one of the executions, for his fees and disbursements in the suit in which it was obtained. It was held in respect to

the lien of the attorney: "An attorney has a lien upon a judgment to the extent of his fees and disbursements in the suit in which it was obtained, and this right of lien is paramount to any right of the parties in the suit to have mutual executions against each other set off one against the other." The rule established by this court in *Boyer v. Clark* has been followed in *Ward v. Watson*, 27 Neb., 768, *Griggs v. White*, 5 Neb., 467, and *Rice v. Day*, 33 Neb., 204, and quoted with approval in some other cases in this court, but they have been causes in which it was sought to have one judgment set off against another, and as to one of which judgments the lien of an attorney for fees had attached, or where the rights of an attorney in an action, to a lien for compensation due him for services therein on money in the hands of the adverse party and which was the subject of the litigation and who had given the proper notice of his lien for his fees in the action, under certain circumstances to be permitted to become a party to the suit and continue the litigation to final determination or judgment, so that the amount due his client might be ascertained and his lien be enforced, was to be determined, and in none of the cases presented in this court in which the right of an attorney to a lien for his fees was considered and adjudicated was the question in the case at bar discussed or settled. By our statute an attorney is accorded a lien "for a general balance of compensation    *    *    *    upon money    *    *    *    in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party." What money is in the hands of the adverse party is the subject-matter of the litigation and to be ascertained by the final determination of it and the court's judgment. The amount apparently or which it is claimed is in the hands of the adverse party must be liable to be lessened by any and all proper and available defenses in the action. It can be no more than is truly owing by the adverse liti-

gant, for no more than this can be said or claimed to be in his hands belonging to the other party, and in this case, having determined that the claim of the plaintiffs in error was a proper matter of set-off in the pending action, it was available as a defense for them, and so long as any part of it remained unextinguished in this suit, there could be no money in the hands of plaintiffs in error to which the lien of the attorneys could attach. "In an action which is subject to a set-off, and which is so barred, the attorney's claim for services must, like the plaintiff's demand, yield to the set-off as it would to any other available defense to the action." (*Robertson v. Shutt*, 9 Bush [Ky.], 660.) "The statute (Code, sec. 214) provides that an attorney, by giving the proper notice, may have a lien for his compensation upon money due his client in the hands of the adverse party, in an action or proceeding in which the attorney claiming the lien was employed.  *   *   *   The spirit and meaning of the law is that the attorney may have a lien upon the amount which is ultimately found to be due his client.  Any other construction of the statute would be obviously inequitable and unjust." (*Tiffany v. Stewart*, 14 N. W. Rep. [Ia.], 241.)  See, also, *Nicoll v. Nicoll*, 16 Wend. [N. Y.], 443; *Popplewell v. Hill*, 18 S. W. Rep. [Ark.], 1054.)  The judgment of the district court was erroneous and must be reversed and the cause remanded.

REVERSED AND REMANDED.