C. D. CLOW and H. B. Hendricks, Copartners as Clow & Hendricks, Respondents, v. E. G. SWEENEY and J. G. Hyde, Copartners as Sweeney & Hyde, Appellants.

(172 N. W. 66.)

**Negotiable instruments — non-negotiable order — lack of consideration as a defense.**

1. Where a non-negotiable order is accepted by the debtor, and at the time of the acceptance or of the making thereof there existed no indebtedness between the debtor and the assignor, and the assignee paid no consideration for such order, the lack of such consideration, in an action upon such original promise of acceptance or upon such order by the assignee thereof, is a defense.

**Negotiable instruments — consideration — question for jury.**

2. *Held*, that the trial court erred in directing a verdict for the plaintiffs where there was evidence in the record sufficient to form a question for the jury, of want of consideration between the parties and also between the parties and the assignor.

Opinion filed March 21, 1919.   Rehearing denied April 15, 1919.

Appeal from the District Court of Dickey County, *Cooley, J.*

Action on non-negotiable order.

Reversed and a new trial granted.

*T. L. Brouillard* and *Ira C. Doane,* for appellants.

"The order in question not being an unconditional promise or order to pay a certain sum of money not payable on demand or at a fixed or determined future time, or to order or bearer, is not negotiable." N. D. Comp. Laws 1913, § 6886.

"Failure of consideration is a defense against any person not a hold-

er in due course." N. D. Comp. Laws 1913, §§ 6913, 5881; 8 C. J. p. 331.

"The prima facie presumption of consideration is overcome by any testimony on behalf of defendants, however slight, that tends to show there was in fact a failure of consideration, and the burden then shifts to the plaintiffs." 16 Cyc. 1087, ¶D–(2) ; 38 Cyc. 1567 (B).

"When opposed by a mere technical presumption, the defendants were entitled to have the jury pass upon the question of failure of consideration." 38 Cyc. 1567 (B); 8 C. J. 331, note 73.

E. E. Cassels, for respondents.

"The rule is, where the damages are contingent as where the defendant may or may not suffer any loss or damage, no action or defense lies." 20 Cyc. p. 43, subd. B.

"The facts do no constitute fraud." 20 Cyc. 12.

BRONSON, J. The plaintiffs sued the defendants, the appellants herein, upon an order which reads as follows:

Merricourt, N. D., Jan. 2, 1917.

Sweeney & Hyde,

Merricourt, N. D.

Please pay Clow and Hendricks three hundred and thirty dollars $330 upon your collecting that certain note and mortgage held by you against Christ Biederstedt for $2,000 due 11–15–17, a lien on S.W.¼ and N.E.¼ 32 and S.W.¼ 33–132–64, Dickey County, N. D..

The Webb-Stout Company,

By George T. Webb, V. P.

George T. Webb.

We accept above order.

Sweeney & Hyde.

The defendants in their answer set up lack of consideration for, and fraudulent representation in the securing of, such order. In the district court upon a trial of the action, a verdict was directed for the plaintiffs, and, from the judgment rendered thereupon, the defendants appealed. Among the specifications of error, the appellants principally challenge the ruling of the trial court in so directing the verdict, upon the ground that the question of the lack of consideration was for the

jury. The order in question plainly was a non-negotiable instrument, practically a chose in action subject to the principles of law concerning assignments. The rights of the plaintiffs herein to recover depend upon their rights, as assignees, or upon their rights under the original promise of acceptance made by the appellants.

In the record there is evidence tending to show that the assignors at one time owned a promissory note made by the defendants; that this note was sold to a bank by the assignors prior to the order herein; that the assignors, representing to the defendants that the note was lost and that they were about to go into the hands of a receiver, procured the consent of the defendants to accept the order herein given to the plaintiffs; that at the time the plaintiffs received such order, the assignors were not indebted to plaintiffs, received nothing for such order, but on the contrary the plaintiffs were indebted to assignors for some insurance; the trial court directed a verdict upon the theory that defendants had failed to establish any fraudulent representations, wholly ignoring the defense of want of any consideration between the assignors and assignees, and between the debtors, the defendants, and the assignors, as plead by the defendants.

As assignees, it is well settled that the plaintiffs possessed no greater rights against the debtor than the assignors had. 5 C. J. 961; Comp. Laws 1913, § 7396; Emerson-Brantingham Co. v. Brennan, 35 N. D. 94, 159 N. W. 710; 2 R. C. L. 630, 631.

Although the assignment itself furnished, prima facie, a consideration sufficient to support an action upon the original promise of acceptance by the debtor, and although ofttimes the question of the consideration paid by the assignee is immaterial in an action upon assignment, yet the want of the consideration is a defense in an action upon an accepted order, where it is shown that there existed at the time of making such order and acceptance an entire want of consideration both as between the assignors and the assignees, and as between the debtors and the assignors. 5 C. J. 840, 938, 963; 4 Century Dig. 1291, 1311; Palmer v. Palmer, 112 Me. 149, 91 Atl. 281; Bank of Harlem v. Bayonne, 48 N. J. Eq. 246, 21 Atl. 480; Comp. Laws 1913, § 7396.

The trial court therefore erred in directing a verdict. It is unneces-

sary to consider other specifications of error. The judgment is reversed and a new trial ordered, with costs to appellants.

CHRISTIANSON, Ch. J. I concur in a reversal.

ROBINSON, J. (dissenting). As the amended answer avers, on November 15, 1910, the defendants Sweeney & Hyde made to Webb-Stout Company a promissory note for $250, due in one year. There is no claim that the note was not made for full and fair value; there is no claim that it was ever presented for payment by any person; there is no claim that it was ever paid, except by the giving and acceptance of the order in question. Webb-Stout & Company do not intervene or claim that the order was not given for value. A written instrument is presumptive evidence of a consideration. Section 5880. The burden of showing want of consideration sufficient to support a written instrument lies on the party seeking to invalidate or avoid it. Section 5881. The answer does not aver or state any facts to show that the order was made to the plaintiffs without consideration. So far as there is any defense, it relates only to the acceptance of the order. The answer avers that the $250 note was given by Sweeney & Hyde to Webb-Stout Company for a commission loan made by them, and that the note was transferred to the Farmers Bank of Merricourt. But the note is now outlawed, and there is not a word of testimony that the bank ever presented the note or made any claim under it. The answer does not aver that the bank ever asserted any claim under the note. If the bank or any party had asserted a claim to the note for which the order was given, the proper course was for the defendants to have impleaded the bank as an intervener. Section 7414. Defendant Sweeney is the party who signed the acceptance, agreeing to pay the order in lieu of the note. He testifies to the making of the note and acceptance of the order. He testifies the order was accepted at the request of George Webb of the firm of Webb & Stout. He says: "Webb asked me to pay the note or to sign the order. Webb said the note was lost. He wanted me to sign an order to pay the note or the money over to Hendricks. The note was for $250; the order for $330. He figured the interest, and had added it and said that was the accrued interest. I

remember that he read the order to me." He says: "The note was due in one year from the date it was given. The note has never been presented for payment."

"George Webb was an officer of the Farmers State Bank of Merricourt. The note has never been paid and it has never been presented."

By the Court: "Q. The order was given in payment of the note? A. Yes." (12).

Thus it conclusively appears there was no objection to the lost note; the acceptance was given in payment of the note; it was given at the request of George Webb, an officer of the Webb-Stout Company and of the State Bank of Merricourt. Under the evidence it is manifest the defense was a mere sham. There was no question to go to the jury. The verdict for the plaintiff was properly directed.