H. P. JACOBSEN and J. K. Murray, Copartnership, Doing Business under the Firm Name and Style of Jacobsen and Murray, Respondents, v. R. MILLER and George Gussner, Appellants.

(34 A.L.R. 317, 198 N. W. 349.)

**Attorney and client — law providing for entry of attorney's lien in judgment docket intended as substitute for personal notice.**

1. Subdivision 4 of § 6875, of 1913 Comp. Laws, of the Attorney's Lien Law, provides that the entering of the lien in the judgment docket, opposite the entry of the judgment, shall make the lien effective as against the judgment debtor and as to him shall constitute sufficient notice. The requirements of subdivision 4 are intended as a substitute for the personal notice required to be given by subdivision 3.

**Attorney and client — attorney's lien subject to all existing set-offs.**

2. The lien of an attorney rests on the theory that he becomes the equitable assignee of the judgment to the extent of his fee, from the date of the filing of his lien, and is, under § 7396 of 1913 Comp. Laws, subject to all existing set-offs.

Opinion filed March 25, 1924.

Attorney and Client, 6 C. J. § 364 p. 766 n. 81; § 375 p. 774 n. 60; § 405 p. 793 n. 74.

---

Note.—Attorney's lien as subject to set-off against judgment, see 34 A.L.R. 323; 2 R. C. L. 1082.

From a judgment of the District Court of Grant County, *Lembke,* J., defendant Gussner appeals.

Affirmed in part on condition that plaintiffs consent to a reduction of the amount of the verdict.

*Norton & Kelsch,* and *F. E. McCurdy,* for appellant.

*Jacobsen & Murray,* for respondents.

The rule is well settled that error cannot be predicated on a limited portion of the instructions; that, if the whole instruction, taken together, states the law correctly, there is no error. Axford v. Gaines (N. D.) 195 N. W. 555; State v. Carter (N. D.) 195 N. W. 567.

"Contracts of barter and exchange are within the statute." 27 C. J. 233, § 242.

"Where one, owing another for part of the purchase price of stone, agrees to turn over to him part of the stone in satisfaction of the debt, the transaction constitutes a sale, within the statute of frauds." Gorman v. Brossard, 79 N. W. 903.

"To take out of the statute of frauds an agreement for transfer of liens in consideration for release of agreement to deliver stock, the release must be effected by an unequivocal act." Ibid.

"Where there are several defendants, a general verdict for the plaintiff is sufficient." 38 Cyc. 1882, ¶ C; McMahon v. Hetch-Hetchy & Y. Valley R. Co. (Cal.) 84 Pac. 350; Jeansch v. Lewis, 48 N. W. 128.

"The statute confers upon him a legal right to defeat plaintiff's cause of action, by interposing this judgment, as a counterclaim." Clark v. Sullivan, 55 N. W. 733.

The rule is well settled that the appellant cannot raise any question concerning the insufficiency of the evidence which he did not present to the trial court by a proper specification. Odell v. Hiney (N. D.) 190 N. W. 775; Larson v. Friss (N. D.) 185 N. W. 363.

The rule is well settled that the only way an attorney can collect his fees after a judgment is satisfied, is by an independent action. 6 C. J. 800, § 416.

"Where a certain theory as to the measure of damages or the amount of recovery is accepted or acted upon by the parties in the trial court as the proper one, it must be adhered to in the appellate court, whether it is correct or not." Warne v. Finseth, 195 N. W. 573.

ENGLERT, District J. On January 1, 1918, George Gussner brought an action against R. Miller and H. Shuper. Jacobsen and Murray, the present plaintiffs, acted as attorneys in that case for Miller and Shuper. On a trial of that case, and after appeal to the supreme court, judgment was entered in the district court of Grant county, on May 10, 1920, against George Gussner, for the sum of $885.

On the 2d day of June, 1920, at 9 o'clock, A. M. Jacobson and Murray cause to be entered on the judgment docket, opposite the said judgment, notice of attorney's lien, in the sum of $800. On the same day, R. Miller executed a satisfaction of said judgment to George Gussner.

Thereafter, Jacobsen and Murray brought the present action against R. Miller and George Gussner to recover the sum of $800, on the theory that, to the extent of their attorney's lien, they were the equitable assignees of the judgment.

The defendant, R. Miller, interposed a separate answer, in which he alleges that he paid plaintiffs the sum of $300, and that they accepted the same in full settlement of their services.

The defendant, George Gussner, interposed a separate answer, in which he alleges, among other things, by way of set-off, that he possessed certain claims growing out of the transactions involved in the prior litigation which amounted to $818.93, and that said sums were agreed upon between Miller and Gussner and deducted from the said judgment, and the difference of $66.08, paid by Gussner to Miller, and that satisfaction of said judgment was executed and delivered on June 2, 1920. The answer also alleges settlement and satisfaction before the attorney's lien was filed.

On the issues thus framed, the case was tried to court and jury.

After denying Gussner's motion for directed verdict, the cause was submitted to the jury on the question of whether the judgment was, in fact, settled or satisfied prior to the filing of the attorney's lien, or not.

The right of set-off on the part of the judgment debtor against the judgment creditor was not determined by the court, and was not submitted by it to the jury. The jury returned a verdict in favor of the plaintiffs for the full amount of their claim. Judgment was entered thereon against George Gussner, for the sum of $949.30. Motions for

judgment notwithstanding the verdict or for a new trial were thereafter made and denied.

The case comes here on appeal from the judgment and a denial of these motions.

This appeal can be disposed of by a consideration of two legal questions involved:

The first point relates to the validity and notice of the lien.

On the 2nd day of June, 1920, the plaintiffs caused notice of their attorney's lien to be filed in the office of the clerk of the district court of Grant county, and had the same entered in the judgment docket, opposite the judgment, at 9 o'clock, A. M., of said date, for the amount of $800, under subd. 4 of § 6875, of 1913, Comp. Laws.

This section reads: "An attorney has a lien for a general balance of compensation in and for each case upon:

"1. Any papers belonging to his client which have come into his hands in the course of his professional employment in the case for which the lien is claimed.

"2. Money in his hands belonging to his client in the case.

"3. Money due his client in the hands of the adverse party or attorney of such party in an action or proceeding in which the attorney claiming the lien was employed from the time of giving notice in writing to such adverse party or the attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed and in general terms for what services.

"4. After judgment in any court of record such notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment."

This and the South Dakota Statute on the same subject were copied from the Iowa Statute. Hroch v. Aultman & T. Co. 3 S. D. 477, 54 N. W. 269.

No actual notice was given to the judgment debtor, George Gussner, as provided by subdivision 3 of said section. But this is not necessary. The filing of a lien, as provided by subdivision 4 of said section, imparts notice to the judgment debtor from the time of its filing.

On that subject, Justice Corson, in Hroch v. Aultman & T. Co. said:

"The requirements of subdivision 4 are intended as a substitute for the personal notice required to be given by subdivision 3."

But, since this very point has been decided by this court, in Lown v. Casselman, 25 N. D. 44, 141 N. W. 73, it requires but brief mention. In that case, the court said:

"Appellant contends that no actual notice under subdivision 3, above quoted, was given him, and that the lien is invalid. Sufficient answer to this is that the lien was not perfected, nor is it claimed under the provisions of subdivision 3, but instead was an attorney's lien claimed and entered after judgment under a substantial compliance with the provisions of subdivision 4. This portion of the statute provides that the entering of the lien in the judgment docket, opposite the entry of the judgment, shall make the lien effective as against the judgment debtor, and as to him shall constitute sufficient notice."

That case settles the law on this subject. See also Hubbard v. Ellithorpe, 135 Iowa, 259, 124 Am. St. Rep. 271, 112 N. W. 796.

On this point and on the facts in this case, the decision, in Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733, instead of supporting the contention of appellant, is against him. That case holds that the filing of an attorney's lien under subdivision 4, of § 6875, is notice to the judgment debtor, but that it is not notice to a third party.

2. This brings us to the second and most important point in this case. The evidence fully sustains the answer, that Miller, the judgment creditor, owed Gussner, the judgment debtor, on various items growing out of transactions between them, and on a part of which Miller got his judgment. Some days before the attorney's lien was filed, Miller and Gussner agreed on all sums due him from Miller. On that day no satisfaction was issued, and the difference due from Gussner to Miller on the judgment was not paid. A few days later, Miller objected to the allowance of $30 tax item. On June 2, 1920, on the same day that the attorney's lien was filed, Miller and Gussner again adjusted this difference, and the sum of $818.93 was deducted from the judgment. The difference between this amount and the judgment, $66.08, was paid by Gussner to Miller. On said day, Miller executed and delivered a satisfaction of the said judgment.

Is the attorney's lien subject to the prior and existing set-off claimed by the defendant, Gussner?

This principle, in the form it is here presented, is one of first impression in this state. In approaching this question, it is well to bear

in mind that, under the decision of Clark v. Sullivan, supra, the attorney, under his lien, becomes the equitable assignee of the judgment, to the extent of his lien, under § 7396, of 1913 Comp. Laws, to the same effect as if it were assigned to him. By that decision, it is also established, that "the lien is primarily upon the money due, and not primarily upon the judgment itself."

Under statutes like ours, courts have held that the lien of an attorney rests on the theory that he is regarded as an assignee of the judgment to the extent of his fee, from the date of the filing of his notice of his lien, in accordance with the statute, and that it is subject to all legal and equitable set-offs existing against it at the time, which could have been set off in the suit which resulted in the judgment.

Ex parte Lehman, 59 Ala. 631; Ward v. Herbondy, 96 Iowa, 477, 65 N. W. 413; Field v. Maxwell, 44 Neb. 900, 63 N. W. 62; Popplewell v. Hill, 55 Ark. 622, 18 S. W. 1054; Ferguson v. Bassett, 4 How. Pr. 168; Brooks v. Hanford, 15 Abb. Pr. 342.

Those cases wherein it is held that, in proceedings to enforce an attorney's lien on motion to vacate satisfaction, order to show cause, or on execution, or involving unliquidated damages or demands, a court will not suspend proceedings, nor delay satisfaction of a judgment, until the liquidated damages or demands are ascertained and the same made certain, are not in point under the nature of this action, and the facts of this case. Here, both judgment creditor and judgment debtor were made parties defendant in an action to recover the amount of the attorney's fees on the strength of the lien, because the judgment had been satisfied in derogation thereof. Each defendant interposed his separate defense. Miller alleged payment, and Gussner alleged settlement, satisfaction of the judgment and set-off. On the issues thus joined, the evidence touching each defense was fully developed by both sides and without objection on the part of the plaintiffs. The set-off was of such nature that it could have been set up in the suit which culminated in the original judgment. It existed prior to the filing of the attorney's lien, was ascertained, definite and certain. So, whatever difference of opinion might exist on the subject, in those jurisdictions where an attorney's lien on a judgment is construed to operate as an equitable assignment thereof to the extent of his lien, no case can be

found denying to the judgment debtor the right of set-off under pleadings and facts as they appear in this case.

It was well said by Justice Cowen, in Nicoll v. Nicoll, 16 Wend. 446, after discussing the practice of enforcing liens on motion, etc.:

"While each is left to prescribe rules for the orderly conduct of its own business, a different question arises when they are called upon to apply the statute of set-off. It lies at the foundation of the attorney's lien even in the King's Bench where it is protected to the greatest extent, that the courts have a discretion to grant or refuse the set-off on motion (citing case); but when we come to a bill filed or a trial at law, there is no discretion. On motion, the courts proceed without the statute; on bill filed or a trial at law, they are within it and must obey it. (Citing case.) No authority can be produced, where the attorney's lien was ever recognized on a trial at law as barring a set-off, the right to which would be otherwise perfect. I admit he is to be protected against fraud, on a trial at law. (Citing case.) That was the case of a fraudulent discharge by a client. The court said they would protect an attorney as they would an assignee. No case can be produced, where on bill filed this lien has been let in to obstruct a set-off."

After citing and considering cases, the court, in Clark v. Sullivan, supra, said:

"The reasoning upon which these cases rest is that the rights of an attorney under his lien, are those of an equitable assignee of the judgment, to the extent of his lien."

Section 7396 of the 1913 Comp. Laws, reads:

"In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

Under this statute, the right to set off one judgment against another, if otherwise proper subject-matter of set-off, is absolute, and is "unaffected by the attorney's lien," says Judge Corliss, in Clark v. Sullivan, supra.

While, under the holding of that case, and in this class of cases generally, one judgment may be set off against another, the statute does not limit the right of set-off to judgments only. The remedy of setting

off one judgment against another is provided for in § 7606 of 1913 Comp. Laws. This section provides:

"Mutual final judgments may be set off pro tanto the one against the other by the court upon proper application and notice."

While, in actions generally, in a proper case, one judgment may be set off against another, the primary purpose and object of this statute is to empower the court, on application and notice, without the formality of an action, to set off pro tanto, mutual judgments, one against the other. But this section does not limit the right of set-off given by § 7396, supra, to mutual final judgments. If it were so limited, then all right to set-off or defense under this section would be foreclosed and prevented, unless first reduced to judgment.

As equitable assignees of the judgment, the plaintiffs brought this action to recover $800 attorney's fee, under their lien, from the judgment debtor, and the statute says that "the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment."

In National Bank v. Eyre (C. C.) 3 McCrary, 175, 8 Fed. 733, Chief Justice McCrary said:

"Can the right of set-off be defeated by the filing of an attorney's lien? I think not. If Eyre had assigned his entire claim before judgment to Wainright and Miller, and they had sued on it, I think it clear that the assignment would have been subject to the set-off previously held by the bank. The claim was not negotiable, and the assignees would have taken it subject to any defense existing in the hands of the bank. Surely no greater right can be acquired by the filing of an attorney's lien than would have resulted from such an assignment."

In Clow v. Sweeney, 42 N. D. 194, 172 N. W. 66, this court said:

"As assignees, it is well settled that the plaintiffs possess no greater rights against the debtor than the assignors had."

See also Emerson-Brantingham Co. v. Brennan, 35 N. D. 94, 159 N. W. 710, and Crane & O. Co. v. Sykeston School Dist. 36 N. D. 254, 162 N. W. 413.

As said by Judge Corliss, in Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733, under an attorney's lien, the attorney is "the equitable assignee of the money due from the (judgment) debtor to the (judgment) creditor."

This rule was reaffirmed by a unanimous decision of this court, in Lown v. Casselman, 25 N. D. 44, 141 N. W. 73.

Applying this now well established rule in this state to the facts in this case, then, what was due Miller from Gussner at the time the lien was filed? According to the admissions of Miller and the testimony of Gussner, after allowing the set-offs, there was due the sum of $66.08, on June 2, 1920. The plaintiffs can recover no greater amount than Miller could have recovered, at the time the lien was filed, under the judgment.

The rule is ably announced by Chancellor Walworth, in Dunkin v. Vandenbergh, 1 Paige, 624:

"The question in all these cases is, what is equitable and just between the parties and the attorney or solicitor? Where different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equitable and just that these equities should be arranged between the parties without reference to the solicitor's or attorney's lien. His lien is only on the clear balance due to his client after all these equities are settled. But where other claims arising out of different transactions, and which could not have been a legal or equitable set-off in that suit, exist between the parties, the court ought not to divest the lien of the attorney or solicitor which has already attached on the amount recovered for the costs of that particular litigation."

The claim of the judgment debtor in the present case, while not reduced to judgment, had been ascertained and agreed upon between Miller and Gussner. It was a portion of the original transaction resulting in the judgment on which the lien is claimed. It was not only in existence before the filing of the attorney's lien, but it was recognized and accepted as an existing obligation on the part of the judgment creditor, R. Miller. Had Gussner sued Miller, and placed the demand in judgment prior to the filing of the attorney's lien, then, under the rule announced in Clark v. Sullivan, supra, and many other cases, the right to set off the same against plaintiffs' claim would be absolute. Is the judgment debtor to be denied his right of set-off just because it is not in the form of a judgment? This would not be equitable, nor just, and would violate the plain terms of § 7396, supra, and the rule announced in Clark v. Sullivan, supra. Our view is supported

by the very recent decision of the Minnesota Supreme Court, in Wilding v. Security Mortg. Co. 143 Minn. 251, 173 N. W. 429, wherein the court, after stating the rule, in harmony with Clark v. Sullivan, supra, and that a judgment debtor might set off against his judgment creditor a judgment against him, and so defeat a lien of the attorney for the judgment creditor upon the judgment in favor of his client, said:

"Under this rule, if plaintiff had recovered a judgment against the Mortgage Company, and it had obtained a judgment against him in an independent action brought on his notes, it could have set off such judgment against his, and thus defeat the lien of his attorney. If his rights in the case supposed would have been subordinate to such right of set-off, they must also be subordinate to the right of each defendant to set off the original demand on which the judgment would be founded if recovered in an independent action brought thereon. In principle, it is immaterial whether a defendant resorts to an independent action to recover upon a demand he has against plaintiff, or asserts such demand by way of counterclaim. . . . In either event, the attorney's lien rights are affected in the same way."

After oral argument of this case, and after preparation of the foregoing decision, plaintiffs submitted a supplementary brief, in which they say:

"For the sake of argument we may concede the doctrine of law that the judgment debtor may set up a counterclaim which he has against the judgment creditor in an action brought by the attorney for the judgment creditor, to recover on an attorney's lien, still, the plaintiff in this case, should recover, because the defendant, Gussner, has neither alleged nor proven a counterclaim."

That part of the answer setting forth the set-off alleges:

"That at the time of the entry of such judgment and for some time before the defendants, Miller and Shuper, were indebted to this answering defendant on various matters growing out of the matters involved in said litigation, both for rent of the land involved in such litigation and for payment of sand, also involved in such litigation, and various items in controversy in such litigation; that at the suggestion of the said R. Miller, the judgment of Miller and Shuper against this de-

fendant was paid by applying upon such judgment what said firm of Miller and Shuper owed to this defendant, which was the sum of $818.93, and this defendant on the 2nd day of June, 1920, after giving said firm of Miller and Shuper credit and receipts for said sum of $818.93, paid them $66.08, in full satisfaction of said judgment and received from said Miller a satisfaction of said judgment."

While this may not be a model pleading, it nevertheless apprises the plaintiffs of the amount of the set-off, nature of payment and satisfaction. No objection was made to the answer by either motion or demurrer. At the trial, the question of set-off was gone into extensively by both plaintiffs and defendant, and without objection on the part of the plaintiffs. A set-off may be pleaded both as a set-off and as a defense, and is liberally construed. Emerson-Brantingham Co. v. Brennan, 35 N. D. 94, 159 N. W. 710.

In that case the answer was attacked by demurrer. In the present case no objection of any kind was made to the sufficiency of the answer until after the oral argument before this Court on appeal. Objection to the sufficiency of the set-off cannot be taken for the first time on appeal. 19 Enc. Pl. & Pr. 818.

It is also claimed that the set-off was adjudicated in the former lawsuit. But no such contention was advanced or made in the court below. Issue was joined on the pleadings, and the matters of set-off, payment, settlement and satisfaction were fully developed in the trial court. In Fiske v. Steele, 152 Mass. 260, 25 N. E. 291, the court said:

"It has never, that we are aware of, been held that an independent cause of action, possessed by a defendant, and existing previous to a judgment obtained by a plaintiff, is barred thereby, even if the defendant might have pleaded it in set-off, unless it has been in fact so pleaded and made the subject of adjudication."

It is ordered that the judgment of the trial court be reversed, and a new trial ordered, unless within twenty days after the receipt of the remittitur in the lower court, the plaintiffs shall, in writing, consent to a reduction of the verdict to the sum of $66.08, and interest thereon, at six per cent, from June 2, 1920, and $26.10 costs, taxed and allowed in the court below. If such reduction is accepted, then neither party

shall recover any costs on this appeal. If not, the defendant, Gussner, shall have and recover his costs on this appeal.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., concur.

Mr. Justice NUESSLE, disqualified, did not participate, Honorable M. J. ENGLERT, one of the judges of the First Judicial District, sitting in his stead.