If the creditor draws an order on an attorney with whom he has left a de-
mand for collection, therein requesting him to pay the amount to the order
of the creditor; and this order is accepted by the attorney, payable when
the money should be collected and come into his hands, and is assigned by
the creditor; and the assignee gives notice thereof to the attorney, who
says nothing at the time, of any demand of his own, against the assignor;
and the money is afterwards collected by the attorney; the assignee may
maintain an action in his own name against the attorney to recover the
money collected; and the attorney will not be entitled to set off his own
demand against the original creditor, existing at the time of the acceptance
of the order, and arising out of other transactions.

Assᴜᴍᴘsɪᴛ. The writ was dated Sept. 27, 1843, and con-
tained a special count on the paper hereinafter mentioned, and
a count for money, had and received.

At the trial before Sʜᴇᴘʟᴇʏ J. the plaintiff introduced a
paper in evidence, a copy of which follows: —

" Bangor, June 7, 1838. Asa Walker, Esq. Sir, — Please
pay to my own order the amount of the judgment recovered
in my favor, against Warren and Brown, at the last October
Term of the Supreme Judicial Court, being nine hundred and
thirty $\frac{25}{100}$ dollars, with the interest that has accrued thereon,
and oblige       Your ob't serv't,       William McLellan."

This was accepted by the defendant, on the same paper, in
these words. " Accepted, payable whenever the amount of

the judgment so recovered and interest shall be collected and come into my hands. Asa Walker." On the back of the paper was this indorsement.

"Pay Thomas McLellan. William McLellan."

The plaintiff also introduced in evidence the depositions of C. A. McLellan, J. McIntire and J. W. Carr. The defendant introduced in evidence a letter from William McLellan to him, dated Jan. 20, 1842. The report states, that "the papers introduced in evidence, together with the writ, are made a part of the case, and may be referred to by either party, without copying." No copies of them have been received by the Reporter, and the counsel differed as to what they proved. It seemed to be admitted, however, that an execution had issued upon the judgment, and had been put into the hands of an officer for collection; that a suit had been commenced in the name of William McLellan against the officer for neglect of duty, in omitting to collect the money; and that the whole claim against the judgment debtors and the officer had been settled by the defendant on receiving three hundred dollars and costs of the suits, by the direction of either William McLellan or of the plaintiff. From the view taken of the evidence by the Court, it seems to have been proved, that the acceptance of the order and assignment to the plaintiff were before the collection of the three hundred dollars, and that the compromise was made by the defendant under instructions from the plaintiff.

If upon the evidence introduced, or upon so much thereof as is legally admissible, the Court should be of opinion that the plaintiff was entitled to recover, the defendant was to be defaulted; and if not entitled to recover, the plaintiff was to become nonsuit.

*E. & S. E. Smith* argued for the plaintiff, and among other grounds, contended, that the plaintiff was entitled to recover on the principle, that an equitable right and interest in the demand, left with the defendant for collection, was assigned by William McLellan to the plaintiff, and for a good consideration, and notice thereof given to the defendant.

The evidence in the case shows, that the defendant assented to the assignment of the demand to the plaintiff, if he did not, as we say the fact is, expressly promise to pay the money to the plaintiff. But without an express promise, when the money was received by the defendant, it was money in his hands, equitably belonging to the plaintiff, and this action can be maintained to recover it. 4 Esp. R. 204; 12 Johns. R. 276; 2 Blackst. R. 1269; 15 Maine R. 289; 21 Maine R. 489; 17 Mass. R. 579; 11 Maine R. 388.

When the assignment of the demand, in favor of William McLellan, against Warren and Brown, was made to the plaintiff, nothing had been collected by the defendant, and no debt was due from him to the assignor. When notice of the assignment was given to the defendant he became the agent or attorney of the plaintiff as the owner thereof, in the collection of this demand. If he had made the compromise without the plaintiff's consent, he would have been liable to him in an action in his own name. The money was received as the plaintiff's, on a compromise by his direction, and the defendant is bound to pay it to the plaintiff. The action is rightly brought in his own name. 4 Greenl. 384; 3 Greenl. 346; 1 Pick. 462; 5 Wheat. 277; 1 Caines, 363; 3 Johns. R. 72. To the amount received, interest should be added since the demand upon him was made.

*M. H. Smith,* for the defendant, said this was not a mere technical objection, for William McLellan was insolvent, and the defendant had a claim in his favor against him, which he would be entitled to set off, when the action was brought, as it should have been, in the name of William McLellan. The balance due, merely, could be assigned.

The condition of this acceptance has never been fulfilled. The amount of the judgment against Warren and Brown, has never been collected, and no money has ever come into the hands of the defendant from them, but merely a much smaller amount by a compromise of a suit against the officer for neglect of duty.

The order and acceptance, do not constitute a negotiable

McLellan v. Walker.

instrument.    1. Because an instrument, to be negotiable, must be payable absolutely and at all events, and not on a contingency, which may never happen.    15 Mass. R. 387; 5 T. R. 582; 4 Mod. 244; 2 Strange, 1151; 2 B. & P. 413; 6 Cowen, 108; 22 Pick. 83; 20 Pick. 132; 11 Mass. R. 143; 6 Cowen, 151; 2 Wheat. 233; 3 Hawks, 458; 7 Metc. 588; Chitty on Bills, 55, 60, 65; Bayley on Bills, 16 to 22.

2. Because it was to be paid from an uncertain fund.

3. Because it was to be paid only from a particular fund. 7 Metc. 588; 2 Strange, 1211; 6 Mod. 265; 1 Strange, 591; 2 B. & P. 413; 1 Hammond, 274; 6 Munf. 3; 1 Bibb, 502.

4. Because it does not involve the personal responsibility of the drawee at all events.    1 Bibb, 490.

A note not negotiable, although assigned, will not enable the assignee to recover on the money counts in his own name. 5 Wend. 595; 10 Johns. R. 418; Bayley on Bills, 390, 393.

He contended, that the defendant acted entirely under the direction of William McLellan, in effecting the compromise, under which the money was received, and never made any promise to pay the money to the plaintiff, nor gave any assent whatever to his claim for it.

The opinion of the Court was drawn up by

WHITMAN C. J. — One count in the plaintiff's declaration is for money had and received; and on that, it seems to be conceded, that he must recover, if he can recover at all.    The order, acceptance and assignment was undoubtedly an equitable transfer of the demand in question to the plaintiff.    Authorities need not be cited to establish this position; and it is not understood to be questioned in the defence.    And in an action for money had and received no more can be recoverable, than in equity and good conscience may be found to be due.    The defendant has received three hundred dollars from the source indicated by the transfer; and cannot detain it, unless he has some cross equities to set off against it.    The order was drawn without allusion to any thing of that kind, and accepted accordingly.    The plaintiff, therefore, on looking at the order,

was not given to understand, that he had occasion to be upon his guard against any thing not therein alluded to; and, when the defendant was notified of the transfer, it does not appear that he expressed any dissatisfaction at its having been done; and at that time he had not received the three hundred dollars. He now claims to have a demand against the estate of William McLellan, the original creditor, and the assignor of the order, which had accrued, it would seem, long before the acceptance by him, indorsed upon the order. Under these circumstances it does not seem to us equitable, that he should be allowed to avail himself of any such set-off.

After he received notice of the transfer of the demand to the plaintiff, he became his agent in making the collection. The plaintiff had, before, become authorized to control the concern. The defendant could act no longer as the agent of William McLellan in the matter, although he might be bound to continue the suit in his name. Whatever he received thereafter, was not William's but the plaintiff's; and the three hundred dollars received in pursuance of instructions from the plaintiff, by way of compromise for the claim, was the money of the plaintiff, the same as if the demand had been originally put into his hands by the plaintiff for collection, in the name of William. Clearly, money so collected for an equitable assignee, would be money received to his use, and not to the use of the assignor or nominal plaintiff.

Moreover, at the time the demand was assigned it was not a demand against the defendant; it was against a third person. William had a perfect right to assign it to whom he pleased, saving to the defendant his lien upon the judgment obtained, for his expenses in the suit, and its incidents; and those, we understand, were paid by Carr, in the compromise with him, over and above the three hundred dollars received as above stated. With such a reservation, or after exercising power over the demand to that extent, the defendant could have had no right to question the validity of any assignment, which the nominal plaintiff might see fit to make. If the debt had been collected before the assignment, the defendant would have be-

come the debtor; and a different case would have been pre-sented, concerning which we give no opinion.

**Defendant defaulted.**