HENRY W. BROWN *vs.* HARRY P. NAWN.

Suffolk. January 21, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.*

In an action against a contractor by a civil engineer, employed by the Commonwealth to give measurements for the concrete used in a sewer which the defendant was constructing under a contract with the metropolitan sewer commissioners, for personal injuries from being struck by an excavating bucket which was returning empty on an overhead cable after having dumped the earth contained in it, if there is evidence that the plaintiff was standing on a sill that crossed the top of the open trench for the sewer and was letting down a "plumb bob" into the trench where an assistant was taking the measurements, when he was struck and thrown into the trench by the passing bucket,

that the plaintiff was familiar with the operation of the cable and had observed that the bucket, when filled and raised, ordinarily travelled at a height of nine or ten feet above the ground level and, when empty, at a height of about twelve feet above that level, if a witness in the same general service testifies to the usual height of the bucket above the ground being twelve feet, and another witness says "On that job I never saw a bucket pass low enough to hit a man," and if it further appears that measurements to determine the thickness of the concrete had to be taken at least daily and that the usual way of taking them was for the taker to stand on the sills or timbers where he generally would be in sight of the engineer and the signalman, the question whether the plaintiff at the time of the accident was in the exercise of due care is for the jury, although there also is evidence that the plaintiff could have stood on one of the braces of the trench some three feet below the level of the sill and thus could have avoided the danger, had he had any reason to anticipate it.

BRALEY, J. This is an action of tort to recover for personal injuries alleged to have been caused by the negligence of the defendant. In the Superior Court a verdict was ordered for the defendant at the close of the plaintiff's evidence, upon the sole ground that at the time of the accident as a matter of law he was not in the exercise of due care. Under his exceptions the correctness of this ruling is the only question open, and in its determination the evidence reported must be taken as true.

It appears that the plaintiff was employed by the Commonwealth as a civil engineer to give measurements for concrete used in a sewer being built by the defendant under a contract with the metropolitan sewer commissioners, and forming a part of the metropolitan sewer system. This sewer was about twenty-four feet in depth and from fifteen to eighteen feet in width, and in its construction timbers or sills were first laid across the space to be excavated, and the centre line of the excavation and of the sewer was ascertained, which then became also the centre line of the sills. Resting on supports, the apex of which was substantially on this line, a cable with a travelling bucket was set up to take away the soil as the trench was dug. Upon a signal from one of the defendant's servants designated as a "signalman" this bucket could be lowered, raised, or stopped, at any point or height along the line as required, by the engineer in charge of the engine by which the cable was operated. On the day of the accident the cable was in operation, and the bucket used to carry earth for back filling from the place where the excavating still was going on to a place where the sewer had been completed. In digging the trench,

as it increased in depth, the sides were shored by sheathing held in place by cross braces. After it was dug, the centre line instead of being marked by sills was fixed by a board placed in the middle of the ditch and usually fastened to the cross braces. The plaintiff testified that " The edge of that board is to line ; that is the centre line to the sewer. On this is a nail, and that nail is the grade line, and tells how many feet it is to grade." And with knowledge of these conditions, he was required to hang a " plumb bob " on the nail, and let it down into the trench, where an assistant took the measurements on each side, thus giving the entire width, and when put in, a corresponding measurement of the concrete. While thus engaged, and standing on a sill that had not been removed, he was struck and thrown into the trench by the passing bucket which was returning empty from the dump, receiving the injuries of which he complains.

If this were all the evidence, it still would be doubtful whether it could be said that the plaintiff failed to use ordinary care. But there was further testimony given by him, that during the time that he had been familiar with the operation of the cable, according to his observation extending through a period covering the entire time taken by the work, the bucket, when filled and raised, ordinarily travelled at a height of nine or ten feet from the ground level, and, when empty, at a height of about twelve feet. In these estimates he was supported by two witnesses also engaged in the same general service, who saw the accident. By one of these the height of the bucket was apparently placed at twelve feet, while the other said, " On that job I never saw a bucket pass low enough to hit a man." It further appeared that measurements to determine the thickness of the concrete had to be taken at least daily, and the usual way of making them was for the taker to stand on the sills or timbers, where he generally would be within sight of the engineer and the signalman. The suggestion of the defendant brought out on cross-examination, that it would have been feasible for the plaintiff to have stood on one of the braces some three feet below the level of the sill and thus to have avoided the danger, while relevant, is to be considered with the other evidence, for when taken by itself it is inconclusive.

The jury could have found from all this testimony that, when injured, the plaintiff was engaged about the duties of his employment in the ordinary and regular way without any anticipation of danger from contact with the bucket, which he previously had observed always ran at such a distance above the place where he and the others usually stood as to preclude the possibility of a collision. It was, therefore, for them to decide as matter of fact, whether he was reasonably careful. *O'Driscoll* v. *Faxon*, 156 Mass. 527. *Garant* v. *Cashman*, 183 Mass. 13, 18. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437, 441. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580.

*Exceptions sustained.*

*H. H. Bond*, for the plaintiff.
*L. A. Ford*, for the defendant.