**John P. HERZOG**

v.

**Anthony IRACE and Donald Grey Lowry.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1991.

Decided Aug. 6, 1991.

John W. Philbrick, Lowry & Associates, Portland, for appellants.

Christopher J. Ryer, Brunette, Shumway & Ryer, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Anthony Irace and Donald Lowry appeal from an order entered by the Superior Court (Cumberland County, *Cole, J.*) affirming a District Court (Portland, *Goranites, J.*) judgment in favor of Dr. John P. Herzog in an action for breach of an assignment to Dr. Herzog of personal injury settlement proceeds [1] collected by Irace and Lowry, both attorneys, on behalf of their client, Gary G. Jones. On appeal, Irace and Lowry contend that the District Court erred in finding that the assignment was valid and enforceable against them. They also argue that enforcement of the assignment interferes with their ethical obligations toward their client. Finding no error, we affirm.

The facts of this case are not disputed. Gary Jones was injured in a motorcycle accident and retained Irace and Lowry to represent him in a personal injury action. Soon thereafter, Jones dislocated his shoulder, twice, in incidents unrelated to the motorcycle accident. Dr. Herzog examined Jones's shoulder and concluded that he needed surgery. At the time, however, Jones was unable to pay for the surgery and in consideration for the performance of the surgery by the doctor, he signed a letter dated June 14, 1988, written on Dr. Herzog's letterhead stating:

I, Gary Jones, request that payment be made directly from settlement of a claim currently pending for an unrelated incident, to John Herzog, D.O., for treatment of the cause of action itself.

---

1. This case involves the assignment of proceeds from a personal injury action, not an assign-

ment of a shoulder injury which occurred at a different time.

Dr. Herzog notified Irace and Lowry that Jones had signed an "assignment of benefits" from the motorcycle personal injury action to cover the cost of surgery on his shoulder and was informed by an employee of Irace and Lowry that the assignment was sufficient to allow the firm to pay Dr. Herzog's bills at the conclusion of the case. Dr. Herzog performed the surgery and continued to treat Jones for approximately one year.

In May, 1989, Jones received a $20,000 settlement in the motorcycle personal injury action. He instructed Irace and Lowry not to disburse any funds to Dr. Herzog indicating that he would make the payments himself. Irace and Lowry informed Dr. Herzog that Jones had revoked his permission to have the bill paid by them directly and indicated that they would follow Jones's directions. Irace and Lowry issued a check to Jones for $10,027 and disbursed the remaining funds to Jones's other creditors. Jones did send a check to Dr. Herzog but the check was returned by the bank for insufficient funds and Dr. Herzog was never paid.

Dr. Herzog filed a complaint in District Court against Irace and Lowry seeking to enforce the June 14, 1988 "assignment of benefits." The matter was tried before the court on the basis of a joint stipulation of facts. The court entered a judgment in favor of Dr. Herzog finding that the June 14, 1988 letter constituted a valid assignment of the settlement proceeds enforceable against Irace and Lowry. Following an unsuccessful appeal to the Superior Court, Irace and Lowry appealed to this court. Because the Superior Court acted as an intermediate appellate court, we review the District Court's decision directly. *See Brown v. Corriveau*, 576 A.2d 200, 201 (Me.1990).

### Standard of Review

■ At one time, we declined to give deference to a trial court's findings of fact when based entirely upon stipulated facts and documentary evidence in the record. *See, e.g., C Co. v. City of Westbrook*, 269 A.2d 307, 309 (Me.1970); *In re Edwards' Estate*, 161 Me. 141, 149, 210 A.2d 17, 22 (1965). We reviewed such cases de novo, reasoning that appellate and trial courts are equally able to assess documentary evidence. *Id.* More recently, however, we have held that we will set aside trial court findings based solely upon documentary evidence and stipulated facts only if clearly erroneous. *Estate of Tully*, 545 A.2d 1275, 1277 (Me.1988). Accordingly, Lowry and Irace's recitation of the de novo standard of review is incorrect. We review the District Court's findings of fact based on stipulated facts and documentary evidence only for clear error.

### Validity of Assignment

■ An assignment is an act or manifestation by the owner of a right (the assignor) indicating his intent to transfer that right to another person (the assignee). *See Shiro v. Drew*, 174 F.Supp. 495, 497 (D.Me.1959). For an assignment to be valid and enforceable against the assignor's creditor (the obligor), the assignor must make clear his intent to relinquish the right to the assignee and must not retain any control over the right assigned or any power of revocation. *Id.* The assignment takes effect through the actions of the assignor and assignee and the obligor need not accept the assignment to render it valid. *Palmer v. Palmer*, 112 Me. 149, 153, 91 A. 281, 282 (1914). Once the obligor has notice of the assignment, the fund is "from that time forward impressed with a trust; it is ... impounded in the [obligor's] hands, and must be held by him not for the original creditor, the assignor, but for the substituted creditor, the assignee." *Id.* at 152, 91 A. 281. After receiving notice of the assignment, the obligor cannot lawfully pay the amount assigned either to the assignor or to his other creditors and if the obligor does make such a payment, he does so at his peril because the assignee may enforce his rights against the obligor directly. *Id.* at 153, 91 A. 281.

■ Ordinary rights, including future rights, are freely assignable unless the as-

signment would materially change the duty of the obligor, materially increase the burden or risk imposed upon the obligor by his contract, impair the obligor's chance of obtaining return performance, or materially reduce the value of the return performance to the obligor, and unless the law restricts the assignability of the specific right involved. *See* Restatement (Second) Contracts § 317(2)(a) (1982). In Maine, the transfer of a future right to *proceeds* from pending litigation has been recognized as a valid and enforceable equitable assignment. *McLellan v. Walker*, 26 Me. 114, 117–18 (1896). An equitable assignment need not transfer the entire future right but rather may be a partial assignment of that right. *Palmer*, 112 Me. at 152, 91 A. 281. We reaffirm these well established principles.

■ Relying primarily upon the Federal District Court's decision in *Shiro*, 174 F.Supp. 495, a bankruptcy case involving the trustee's power to avoid a preferential transfer by assignment, Irace and Lowry contend that Jones's June 14, 1988 letter is invalid and unenforceable as an assignment because it fails to manifest Jones's intent to permanently relinquish all control over the assigned funds and does nothing more than request payment from a specific fund. We disagree. The June 14, 1988 letter gives no indication that Jones attempted to retain any control over the funds he assigned to Dr. Herzog. Taken in context, the use of the word "request" did not give the court reason to question Jones's intent to complete the assignment and, although no specific amount was stated, the parties do not dispute that the services provided by Dr. Herzog and the amounts that he charged for those services were reasonable and necessary to the treatment of the shoulder injury referred to in the June 14 letter. Irace and Lowry had adequate funds to satisfy all of Jones's creditors, including Dr. Herzog, with funds left over

for disbursement to Jones himself. Thus, this case simply does not present a situation analogous to *Shiro* because Dr. Herzog was given preference over Jones's other creditors by operation of the assignment. Given that Irace and Lowry do not dispute that they had ample notice of the assignment, the court's finding on the validity of the assignment is fully supported by the evidence and will not be disturbed on appeal.

### Ethical Obligations

Next, Irace and Lowry contend that the assignment, if enforceable against them, would interfere with their ethical obligation to honor their client's instruction in disbursing funds.[2] Again, we disagree.

■ Under the Maine Bar Rules, an attorney generally may not place a lien on a client's file for a third party. M.Bar R. 3.7(c). The Bar Rules further require that an attorney "promptly pay or deliver to the client, as requested by the client, the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive." M.Bar R. 3.6(f)(2)(iv). The rules say nothing, however, about a client's power to assign his right to proceeds from a pending lawsuit to third parties. Because the client has the power to assign his right to funds held by his attorney, *McLellan v. Walker*, 26 Me. at 117–18, it follows that a valid assignment must be honored by the attorney in disbursing the funds on the client's behalf. The assignment does not create a conflict under Rule 3.6(f)(2)(iv) because the client is not entitled to receive funds once he has assigned them to a third party. Nor does the assignment violate Rule 3.7(c), because the client, not the attorney, is responsible for placing the incumbrance upon the funds. Irace and Lowry were under no ethical obligation, and the record gives no indication that they were under a contractual obligation, to hon-

---

**2.** Lowry and Irace rely upon *Twin Valley Motors, Inc. v. John Morale et al.,* 136 Vt. 115, 385 A.2d 678 (1978) to support their position on this issue. Whatever the merits of the Vermont court's decision in the context of that case and in the context of Vermont law regarding equitable assignments and professional ethics, the

decision cuts against authority in Maine which clearly recognizes the validity and enforceability of equitable assignments by a client of all or part of his right to proceeds expected from pending litigation. *McLellan v. Walker*, 26 Me. at 117–18.

**1110**

or their client's instruction to disregard a valid assignment. The District Court correctly concluded that the assignment is valid and enforceable against Irace and Lowry.

The entry is:

Judgment affirmed.

All concurring.